Pierce, J.
The defendant-appellant, 90 Exchange LLC (“90 Exchange”), contends on this appeal that the trial court erred in not instructing the jury as to the terms of its contract with the plaintiff, Cronis, Liston, Nangle and White, LLP (“Cronis”) and abused its discretion in denying 90 Exchange’s motion to exclude Cronis’ expert witness. We find no error and affirm the judgment.
On June 3,2002, Cronis, an engineering firm, contracted with 90 Exchange, a real estate development company, to provide drawings and specifications relating to the renovation of a building at 90 Exchange Street, Lynn, Massachusetts. The contract provided that the total cost for the “design phase services” would be $37,600.00. Additional amounts were to be paid for “construction phase site visits” and “construction phase review of Contractor material submittals.”
In August and September, 2002, Cronis submitted invoices for work performed pursuant to the contract. In April, 2003, Cronis submitted a third invoice for amounts previously billed, plus interest. By check dated April 28, 2003, 90 Exchange paid Cronis $25,000.00.
On January 5, 2005, Cronis filed this suit against 90 Exchange to recover an unpaid balance of $7,800.00, plus interest. In February, 2005,90 Exchange answered the complaint and asserted counterclaims for breach of contract, breach of warranty, and negligence. A jury trial originally scheduled for November, 2006 was eventually continued to September, 2007. In August, 2007, the trial court allowed Cronis’ motion for partial summary judgment as to the breach of warranty and negligence counterclaims. A jury trial was conducted on May 19 and 20, 2008. Before trial, the court allowed various motions in limine excluding expert testimony offered by 90 Exchange as to the sufficiency of Cronis’ drawings and specifications. After trial, the jury awarded Cronis $7,800.00.
A notice of appeal to this Appellate Division was filed by 90 Exchange in July, 2008. The issues on appeal were whether the trial court erred in allowing Cronis’ motion for summary judgment and motions in limine. In a decision issued on May 28,2009, this Division ruled that the motion for summary judgment, as well as the motions in *170 limine, should have been denied. The verdict for Cronis was vacated and the case returned to the trial court for a new trial. The Appellate Division order included the following paragraph:
Cronis maintained at oral argument that it was obligated under the contract to produce only “permit level construction documents.” So, its argument goes, if the drawings resulted in the issuance of a building permit, which Cronis’ counsel stated was obtained from the city of Lynn, Cronis has performed. But the contract provided that the drawings were to be for the trades. That can mean only usable by the trades. ... To suggest, as Cronis seems to, that it could get paid for producing plans that could somehow win a permit and be otherwise useless to its intended users contravenes the very purpose of the contract.
Cronis, Liston, Nangle & White, LLP v. 90 Exchange LLC, 2009 Mass. App. Div. 78, 82-83.
Upon its return to the trial court, the case was scheduled for trial on February 16, 2011. On January 25, 2011, Cronis filed a motion to continue the trial for, among other reasons, time to retain an expert witness. The motion to continue was denied on February 3,2011. On February 9, 2011, Cronis served a supplemental response to 90 Exchange’s first set of interrogatories stating that it intended to call Kenneth Elovitz as an expert witness to testify as to whether Cronis’ “plans met the standard of care in the engineering industry for the type of information and level of detail customarily presented in permit-level drawings.”
On February 16, 2011, 90 Exchange moved to exclude Cronis’ expert as a sanction for failing to supplement its discovery response in a timely fashion. The trial court denied the motion, but granted a continuance of the trial for over a month to allow 90 Exchange an opportunity to prepare for the expert testimony, including taking the proposed expert’s deposition.
Trial commenced on March 21,2011. At the end of the second day of trial, the parties discussed proposed jury instructions with the court. Based on the language of the Appellate Division order set forth above, 90 Exchange requested the following instruction:
In this case I [in] struct you that [Cronis] was obligated ... pursuant to this contract to provide drawings that were usable for the trades, including plumbing and HVAC.
The trial judge declined to give the requested instruction on the ground that whether the contract required drawings usable for the trades was a jury question, not a question of law for the court to decide.
After three days of trial, the jury returned a verdict for Cronis on its breach of contract claim. The jury also returned a verdict against 90 Exchange its breach of contract counterclaim and in favor of 90 Exchange on its negligence counterclaim. The jury awarded damages to Cronis in the amount of $6,840.00, but declined to award damages to 90 Exchange.
90 Exchange contends on this appeal that the trial court erred as a matter of law *171 in not giving the requested instruction and abused its discretion in denying its motion to exclude Cronis’ expert witness. First, with respect to the requested jury instruction, 90 Exchange contends, based on the Appellate Division order, that the trial court should have instructed the jury that the contract required Cronis to provide drawings “usable for the trades, including plumbing and HVAC.”
“When reviewing jury instructions to which there has been an objection, we conduct a two-part test: ‘whether the instructions were legally erroneous, and (if so) whether that error was prejudicial.’” Kelly v. Foxboro Realty Assocs., LLC, 454 Mass. 306, 310 (2009), quoting Masingill v. EMC Corp., 449 Mass. 532, 540 n.20 (2007). “[A]ppellate courts have traditionally accorded the trial judge considerable discretion framing jury instructions, both in determining the precise phraseology to be used, and in determining the appropriate degree of elaboration needed” (citations omitted). Ratner v. Noble, 35 Mass. App. Ct. 137, 140 (1993). After instructing the jury that the parties had stipulated to the existence of a contract, the trial judge instructed the jury that they must determine the terms of the contract, to which the parties agreed, giving all words in the contract their commonly understood meaning.[2]
The trial judge correctly rejected 90 Exchange’s contention that references in the Appellate Division order to the terms of the contract were binding at the subsequent trial. The questions addressed by the Appellate Division in 2009 were different than those that arose at the 2011 trial. The 2009 appeal concerned whether summary judgment had been properly allowed and whether the trial court abused its discretion in excluding 90 Exchange’s expert witnesses. The Appellate Division language that 90 Exchange relies upon was not a determination as to the meaning of the contract, but rather a basis for its ruling that the proposed experts should have been permitted to testify.
To instruct the jury as 90 Exchange requested would have removed an essential element of the contract claim from the jury. If the Appellate Division had intended to limit the issues for consideration by the jury, it would have returned the case with that specific instruction. The judge properly determined that the jury should decide the terms of the contract to which the parties agreed. Having found that the instruction was not legally erroneous, we need not reach the question of prejudice.
The second error alleged by 90 Exchange concerns the trial court’s denial of 90 Exchange’s motion to exclude Cronis’ expert witness. Pursuant to Mass. R. Civ. P. 26(e) (1), a “party is under a duty seasonably to supplement his response [to discovery]” with respect to “the identity of each person expected to be called as an expert witness at trial.” See Global Investors Agent Corp. v. National Fire Ins. Co. of Hartford, 76 Mass. App. Ct. 812, 823 (2010). A judge has broad discretion in admitting or rejecting the testimony of proposed experts who were not disclosed in compliance with Rule 26(e). See Njunge v. Engram, 2008 Mass. App. Div. 93, 94. “While a judge, in the exercise of discretion, may exclude expert testimony for failure to comply with *172 discovery, the judge must consider other options, including a sua sponte continuance of the trial.” Morgan v. Jozus, 67 Mass. App. Ct. 17, 24 (2006). In this case, granting a continuance of the trial date to allow 90 Exchange the opportunity to prepare for the expert’s testimony, including taking the experts deposition, was well within the sound discretion of the trial court. There was no abuse of discretion or other error of law.
Judgment affirmed.
So ordered.

 The court instructed: “Now, you must determine the terms of the contract. The terms of the agreement are those terms to which the parties mutually agreed. In deciding what the terms of the contracts were, unless otherwise expressly defined in the contract, you should give all words in the contract their ordinary and'common — commonly understood meanings.”